UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY KALBACH,

    Plaintiff,

v.                                                                                       Case No. 1:06-CV-284
                                                      Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB).

Plaintiff was born on November 21, 1962 and has a college degree in accounting (AR 15, 58, 493).[1] Plaintiff alleges that she has been disabled since October 1, 2001 (AR 58). She had previous employment as an accountant, house cleaner, secretary/receptionist, and secretary/dispatcher (AR 93, 494). Plaintiff identified her disabling conditions as a history of blood clots, diabetes, thyroid problems, neck/back problems, legs swelling and obesity (AR 74). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on September 13, 2005 (AR 14-23). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d

918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation.  Following the five steps, the ALJ initially found that plaintiff had not engaged in substantial gainful activity since the alleged onset of disability (AR 22).  Second, the ALJ found that she suffered from severe impairments of back disorder, diabetes mellitus, history of deep vein thrombosis and obesity (AR 22).  At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 22).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC) to:

> lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk at least two hours out of an eight-hour workday, and sit for a total of six hours out of an eight-hour workday.  She could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.  She must avoid all exposure to hazardous heights.

(AR 20).

The ALJ found that plaintiff's past work as an accountant, receptionist/dispatcher, and secretary/receptionist did not require the performance of work-related activities precluded by her RFC, and that plaintiff's severe impairments did not prevent her from performing her past relevant work (AR 22).  The ALJ also found that plaintiff's allegations regarding her limitations were not totally credible (AR 22).  Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 23).

## III.  ANALYSIS

On appeal, plaintiff contends that the ALJ's decision improperly ignored the opinion of Nurse Practitioner Gabrielle Walters, whom plaintiff characterized as her primary treating source.

First, plaintiff contends that the ALJ failed to give controlling weight to Nurse Walters' opinion. Second, plaintiff contends that the record supports Nurse Walters' opinion that plaintiff needed to elevate her leg whenever possible and to avoid prolonged standing or walking.

### A.     Plaintiff's treatment with Nurse Walters

Plaintiff saw nurse Walters on a monthly basis for approximately four years.  On November 9, 2004, Nurse Walters opined that plaintiff had significant limitations, summarized by the ALJ as follows:

> [C]laimant was diagnosed with type II diabetes mellitus, hypertension, clinical severe obesity, severe dyslipidemia, chronic DVT [deep vein thrombosis], bilateral carpal tunnel syndrome, chronic neck pain, and possible fibromyalgia. The claimant has symptoms of persistent leg pain with standing, walking or any movement, right shoulder pain limiting her range of motion, and bilateral hand pain which limited her finger dexterity. The claimant was incapable of tolerating even a low stress job. The claimant can walk one-half to one block without having to rest or severe pain, sit for 30 minutes a time before having to get up, and stand for ten minutes before needing to sit down or walk around. She can stand and/or walk for a total of two hours in an eight-hour work day, and sit for a total of four hours in an eight-hour work day. She must be able to walk around very 30 minutes, lasting five minutes in an eight-hour work day. She must have a sit, stand, or walk option. She needs to elevate her leg 80 to 120 percent [sic] of the time during an eight-hour working day. She could occasionally lift and carry less than ten pounds in a competitive work situation. She can frequently look down, look up, and hold head in static position. She can occasionally turn her head from right to left. She can occasionally stoop. She can rarely twist, crouch/squat, and climb stairs. She must never climb ladders. Out of an eight-hour work day, the claimant can grasp, turn, twist objects, and perform fine manipulations 20 percent with the right hand and 30 percent with the left. She cannot reach overhead with her right hand and only 50 percent with the left. She will be absent from work more than four days per month because of her impairments producing a bad day (Exhibit 16F).

(AR 444-48).

The ALJ found that this opinion was "not consistent with the record as a whole" (AR 21).  The ALJ then adopted an RFC determination similar to that made by a consulting, non-examining agency physician (AR 20-21,171-79). *See* 20 C.F.R. §§ 404.1527(f)(2)(i) (state agency

medical consultants and other program physicians are "highly qualified physicians . . . who are also experts in Social Security disability evaluation").

### B.     Nurse Walters' opinion is not entitled to controlling weight

The regulations provide that the Commissioner needs evidence from "acceptable medical sources" to establish whether a claimant has a medically determinable impairment. 20 C.F.R. § 404.1513(a). "Acceptable medical sources" include licensed physicians, licensed or certified psychologists, licensed optometrists (for vision disorders), licensed podiatrists (for impairments of the foot or ankle), and qualified speech-language pathologists (for speech or language impairments). *Id.* Under the regulations, "medical opinions" are statements from physicians, psychologists or other acceptable medical sources, which reflect judgments about the nature and severity of a claimant's impairment, including the claimant's symptoms, diagnosis and prognosis, what the claimant can still do despite the impairment, and the claimant's physical or mental restrictions. 20 C.F.R. § 404.1527(a)(2). The agency regulations provide that if the Commissioner finds that a treating medical source's opinion on the issues of the nature and severity of a claimant's impairments "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the Commissioner] will give it controlling weight." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 530 (6th Cir. 1997), *quoting* 20 C.F.R. § 404.1527(d)(2).

However, under the regulations, a nurse practitioner is not considered to be an "acceptable medical source." Rather, health care providers not listed in § 404.1513(a), such as nurse practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists, are considered to be "other" medical sources. *See* 20 C.F.R. § 404.1513(d)(1). Because a nurse

practitioner is not an "acceptable medical source" under the regulations, Nurse Walters' opinions are not entitled to controlling weight. *Hardin v. Barnhart*, 468 F.Supp.2d 238, 250 (D. Mass. 2006); *Castillo-Borrero v. Barnhart*, No. Civ. A 02-588, 2004 WL 2203744 at *7 (E.D. Pa. Sept. 27, 2004). As the Sixth Circuit explained in *Walters*, the opinions of an "other" medical source (in that case a chiropractor) was not entitled to controlling weight:

> [L]ogic and the plain language of the regulations suggest that a treating source under 20 C.F.R. § 404.1527(d)(2) must be a medical source and that a chiropractor is not a medical source. The controlling weight provision is found under a section heading that refers specifically to medical opinions, and in the regulations chiropractor opinions are not listed as one of the five types of "acceptable medical sources" but are instead listed under the separate heading of "other [non-medical] sources." Compare 20 C.F.R. § 404.1513(a) (1997) with 20 C.F.R. § 404.1513(e) (1997). We, therefore, must agree with the Second Circuit's conclusion that under the current regulations, the ALJ has the discretion to determine the appropriate weight to accord a chiropractor's opinion based on all evidence in the record since a chiropractor is not a medical source.

*Walters*, 127 F.3d at 530.

Accordingly, the ALJ did not commit error in failing to give controlling weight to Nurse Walters' opinions.

### C. Nurse Walter's opinion is consistent with other evidence

Plaintiff also points out that her deep venous thrombosis was confirmed by a CT scan on October 5, 1985, and that she was hospitalized from February 24, 2003 through March 1, 2003 for recurrent deep venous thrombosis in the right lower extremity (AR 141-58, 201). An ultrasound performed at the hospital indicated that she suffered from "mixed acute and chronic deep venous thrombosis" (Ar 148). Upon discharge, a treating physician, James D. Sitek, D.O., instructed her "to elevate the limb whenever possible and to avoid prolonged standing or walking in an effort to

avoid complications of venostasis" (AR 144). On May 9, 2003, William P. Potthoff, M.D., noted evidence of mild chronic venous stasis and prescribed compression hose (AR 160).

As previously discussed, Nurse Walters is not an "acceptable medical source" under the regulations. However, she is an "other medical source" with an extensive history of treating plaintiff for over four years (from August 1998 through March 2005) (AR 245-300, 444-85). The ALJ has the discretion to determine the appropriate weight to accord to Nurse Walters' opinions. *See Walters*, 127 F.3d at 530. Here, the ALJ's decision to reject Nurse Walters' opinions as "not consistent with the record as a whole" was not supported by substantial evidence. As previously discussed, Drs. Sitek and Potthoff indicated that plaintiff suffered from chronic deep venous thrombosis, and was instructed to elevate her legs whenever possible and to prevent complications of this condition by avoiding prolonged walking and standing. These limitations appear consistent with some of the limitations outlined by Nurse Walters.

Accordingly, the court concludes that this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a re-evaluation of Nurse Walters' opinions regarding (1) plaintiff's need to elevate her legs and (2) the extent that plaintiff needs to avoid prolonged standing or walking.[2]

---

[2] The court notes that this result is consistent with a recently adopted a Social Security Ruling, SSR 06-03p, which acknowledged that with the growth of managed health care in recent years, nurse practitioners have increasingly assumed a greater percentage of treatment and evaluation functions previously handled primarily by physicians and psychologists. SSR 06-03p (Aug. 9, 2006). In this ruling, the Commissioner observes that opinions from other medical sources, such as nurse practitioners, "are important and should be evaluated on key issues such as impairment severity and functional effects, along with other relevant evidence in the file." *Id.*

**IV.     Recommendation**

I respectfully recommend that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a re-evaluation of Nurse Walter's opinions.

Dated:  April 3, 2007                              /s/ Hugh W. Brenneman, Jr.
                                                              Hugh W. Brenneman, Jr.
                                                              United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).